IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARGARET DISANTO** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. |
| v. | : | |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | : | |
| *Defendant* | : | |

# COMPLAINT

The Plaintiff, MARGARET DISANTO, by and through her attorney, HALMON L. BANKS, III, ESQUIRE, files the instant complaint against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA and alleges the following facts in support thereof:

## PARTIES

1. At all times material hereto, Plaintiff, Margaret DiSanto, was and still is a resident of the state of Pennsylvania residing at 6129 Delancey Street, Philadelphia, PA 19143.

2. Upon information and belief, at all times material hereto, Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA has its principal place of business at 1601 Chestnut Street, Philadelphia, PA 19192.

## JURISDICTION

3. Jurisdiction of the Court is based upon 29 U.S.C. § 1132 (e)(1) and 1132 (f), which give District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also found at 28 U.S.C. § 1331 because this action arises under 29 U.S.C. § 1001 et. seq., Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA").

4. Venue in the Eastern District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the jurisdictional district and, maintains contacts in the jurisdictional district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. § 139 (a)(1) and § 139 (c), this action is properly venued in the Eastern District of Pennsylvania.

## FACTS

6. At all times material hereto, Plaintiff was an employee of AVIS Budget Car Rental, LLC ("AVIS").

7. Plaintiff's job title relevant to this action was Operations Manager.

8. At all times during her employment with AVIS, the Plaintiff was a participant and/or beneficiary under their Long Term Disability ("LTD") plan.

9. The LTD plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1001 (2)(A).

10. At all times material hereto, Defendant made and/or participated in making all benefit decisions under their LTD plan.

11. During Plaintiff's employment with AVIS, Defendant issued a Long Term group disability income policy (hereinafter referred to as "Policy").

12. At all times material hereto, said disability Policy of insurance was issued for the benefit of certain eligible employees in exchange for the payment of premiums by AVIS and/or its employees.

13. At all times material hereto, Plaintiff was and is an employee eligible for LTD benefits as an insured under the Policy.

14. Said Policy provided, among other things, that LTD insurance benefit payments will be made to Plaintiff in the event that she becomes disabled as a result of an injury or sickness.

15. Under the Policy, "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is; 1. Unable to perform the material duties of his or her Regular Occupation; and, 2. Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation. After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is "1. Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training or experience; and 2. Unable to earn 60% or more of his or her Indexed Earnings."

16. On or about September 9, 2015 during the period within which her coverages were in full force and effect, while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning of, and pursuant to, the terms of the Policy.

17. As of this date, Plaintiff continues to be disabled in that she is unable to perform, on a sustained basis, her prior occupation or, any gainful occupation in her own local economy for which she might be qualified, as these terms are defined under the subject Policy.

18. Plaintiff's disability is caused primarily by a lower back injury that resulted in failed fusion surgery from a motor vehicle accident on September 9, 2015. The Plaintiff continues to suffer from significant lower back pain; lumbar radiculopathy; insomnia; panic attacks; anxiety/depression; Post-Traumatic Stress Disorder (PTSD); and, flash backs of the motor vehicle accident. Plaintiff's disability is compounded by the fact that she also suffers from Irritable Bowel Syndrome (IBS); high blood pressure (HBP); diabetes; knee problems; foot and ankle problems; and, problems with her hips. All of these conditions cause the Plaintiff to suffer a significant limitation in her functional capacity.

19. By letter dated May 11, 2017, Defendant advised Plaintiff that she no longer qualified for LTD benefits as of May 14, 2017.

20. On November 6, 2017, Plaintiff filed a written appeal/request for review/reconsideration by Defendant of their denial dated May 11, 2017. Plaintiff requested an extension of time from the Defendant to submit additional records in support of the appeal. The request was granted. By letter dated January 17, 2018, the Plaintiff submitted a letter brief along with additional records in support of her appeal.

21. By letter dated February 8, 2018, Defendant advised Plaintiff that after reviewing her appeal and the additional evidence submitted in support thereof, they were reaffirming their previous denial of LTD benefits dated May 11, 2017. The letter also advised Plaintiff that a second administrative appeal was not required but instead she had the right to file an ERISA action if it was her intent to further contest the denial of her LTD claim.

22. Plaintiff cooperated with the Defendant in all respects, provided proper proof of her loss in support of her claim and, otherwise complied with the Policy terms and conditions regarding the filing and maintenance of her claim.

23. Pursuant to the Policy, Defendant was obligated to commence the periodic payment of monthly LTD benefits to Plaintiff following the expiration of her elimination period.

24. Despite Plaintiff's continued total disability, Defendant has denied all LTD insurance benefits to Plaintiff and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

25. Said refusal on the part of the Defendant is a willful and wrongful breach of the Policy's terms and conditions.

26. Defendant breached the Policy by not adhering to the LTD summary plan description in its notices of denial.

27. In denying Plaintiff's application for LTD benefits, Defendant's failure to notify Plaintiff that they would be contacting her physicians to question their medical findings and restrictions and, failure to notify her that the information gathered from these telephone calls would be given weight in the decision making process, prevented Plaintiff's ability to perfect her claim for LTD insurance benefits under the Policy.

28. Defendant also neglected to provide an explanation of the scientific or clinical judgement used as grounds for denying the claim and, such failure prevented the perfection of Plaintiff's LTD claim.

29. Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly stated that she has not been able to work since June 18, 2016 because of her disabling conditions.

30. Defendant's denial of Plaintiff's LTD insurance benefits is unreasonable and unsupported by substantial evidence and, as such, constitutes a breach of their fiduciary duty as it relates to the Policy.

31. Defendant's unreasonable and unsupported denial of Plaintiff's LTD claim is evidenced by the number of procedural irregularities in its claims handling, including but not limited to: the failure to consider the impact of Plaintiff's physical and mental conditions and limitations on her ability to perform all of the essential duties of her regular occupation or, any occupation; the refusal to consider Plaintiff's credible subjective complaints about her inability to work; the reliance upon a selective review of medical records to reach a result-oriented claims determination; the failure to utilize appropriate qualified and unbiased medical professionals to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational analysis of Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition, her significant restrictions and limitations caused by her conditions and, other forms of biased claims handling.

32. Defendant's claims handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et. seq.

33. Defendant's claims handling failed to provide Plaintiff with a full and fair review of her claim.

34. Defendant's claims handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and, it frustrated Plaintiff from receiving a full and fair review of her claim.

35. Plaintiff attempted to exhaust all administrative appeals and remedies to the extent that they exist pursuant to the terms of the employee benefit plan.

36. By reason of the foregoing claims handling conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a fair decision on the merits of Plaintiff's claim. 29 C.F.R. § 2560.503 (1).

37. Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503 (1), Defendant's adverse benefit determination is not entitled to any judicial deference.

38. Defendant willfully failed to comply with ERISA regulations.

39. Monthly disability insurance benefits to Plaintiff are still due and owing by Defendant on a continual basis.

40. Plaintiff is entitled to receive total life-time LTD benefits under the Policy, discounted to present value, due to the Defendant's arbitrary and capricious decision to deny Plaintiff's LTD claim.

41. Plaintiff is entitled to receive, in addition to the benefits due under the Policy, reimbursement for reasonable attorney's fees and costs incurred to litigation this action pursuant to 29 U.S.C. 1132 (g).

**WHEREFORE**, Plaintiff MARGARET DISANTO prays that she may have a declaratory judgement herein declaring the rights and legal obligations of the parties hereto regarding the matters set forth in the Complaint as follows:

a) Plaintiff is disabled pursuant to the language and within the meaning of the subject Policy of insurance issued by Defendant in that she is unable to perform the duties of her own occupation, or any gainful occupation within her local economy which she is qualified to perform by virtue of her education, training and experience;

b) Defendant is obligated to pay continuing LTD benefits to the Plaintiff pursuant to the Policy and, shall pay all benefits in arrears since the denial of benefits, plus interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains disabled per the terms of the Policy, subject to the applicable benefit period in the Policy;

d) Defendant is obligated to pay Plaintiff total life-time LTD benefits under the Policy, discounted to present value;

e) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy, and/or any other appropriate relief, as provided for by CIGNA v. Amara, 131 S.Ct. 1866 (2011).

f) Pursuant to ERISA § 502 et. seq., Plaintiff is entitled to recoup attorney's fees, as well as all other costs incurred in this action, along with pre-judgment and post-judgment interest;

g) Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event it becomes necessary; and,

h) Such other relief as this Court may deem just and proper.

By: _____
HALMON L. BANKS, III, ESQUIRE
Attorney I.D. No. 45113
**BANKS LAW**
Two Logan Square
100 North 18th Street, Suite 1910
Philadelphia, PA  19103
(215) 561-1000
Attorney for Plaintiff

Date: 3\12\18

## CERTIFICATE OF SERVICE

I, HALMON L. BANKS, III, ESQUIRE, certify that on this date the foregoing *Complaint* was filed electronically on the CM/ECF website for the District Court for the Eastern District of Pennsylvania and is available for viewing by all electronic filers through the court's CM/ECF system.

By: _____
HALMON L. BANKS, III, ESQUIRE
Attorney I.D. No. 45113

Date: 3/12/18